# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1310**
Filed:  January 24, 2025

```
* * * * * * * * * * * * * *
MEGAN FETTERMAN,              *
                             *
          Petitioner,        *
                             *
v.                           *        Decision on Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent.        *
* * * * * * * * * * * * * *
```

*Mark Paul Schloegel*, Popham Law Firm, LLP, Kansas City, MO, for petitioner.
*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 2, 2020, Megan Fetterman ["Ms. Fetterman" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Guillain Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine on December 19, 2017. Petition, ECF No. 1. On November 2, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 81).

On May 15, 2024, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 86). Petitioner requests total attorneys' fees and costs in the amount of $44,383.20, representing $41,374.75 in attorneys' fees and $3,008.45 in costs. Fees App. Exhibit

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

("Ex.") 1 at 3. Pursuant to General Order No. 9, petitioner asserts that she personally incurred litigation expenses in the amount of $1,000.00. *Id.* Respondent responded to the motion on May 15, 2024, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 87). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel, Mr. Mark Schloegel: $400.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $425.00 per hour for work performed in 2022, and $450.00 per hour for work performed in 2023 and 2024. Petitioner also requests the following paralegal rates: $150.00 per hour for work performed in 2020, $160.00 per hour for work performed in 2021, $170.00 per hour for work performed in 2022, and $180.00 per hour for work performed in 2023. The rates requested for the paralegal work are reasonable and shall be awarded. Mr. Schloegel's requested rates, however, require an adjustment.

Mr. Schloegel has been licensed to practice law since 2007, placing him in the range of attorneys with 11-19 years of experience for all the time billed in this case. Fees App. Ex. 7 at 1. The Forum Hourly Rate Fee Schedule[4] provides that an attorney with 11-19 years of experience can be awarded a rate of $337.00-$422.00 per hour for 2020, $355.00-$444.00 per hour for 2021, $366.00-$458.00 per hour for 2022, $386.00-$482.00 per hour for 2023, and $407.00-$509.00 per hour for 2024. Mr. Schloegel requests rates near the top of the range for each year. These rates do not account for his limited Vaccine Program experience, nor his experience within the range.

Due to Mr. Schloegel's limited experience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate commensurate with his vaccine experience. As such, Mr. Schloegel is awarded the following rates: $360.00 per hour for work performed in 2020, $385.00 per hour for work performed in 2021, $410.00 per hour for work performed in 2022, and $440.00 per hour for work performed in 2023. He is awarded his requested rate of $450.00 for 2024. This results in a reduction of **$2,231.25**.[5]

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited January, 21, 2025).

[5] (28.5 hours x ($400.00 – $360.00)) + (17.5 x ($420.00 – $385.00)) + (20.25 x ($410.00 – $425.00)) + (17.5 x ($450.00 – $440.00)) = $2,231.25.

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the submitted billing entries and finds that an overall reduction to the hours billed is necessary. First, a reduction must be made to account for administrative tasks such as paralegals filing documents, and organizing and bates stamping exhibits, which are not compensable. *See* Fees App. Ex. 2 at 1. Second, there is a general issue of vagueness with some of the billing entries, particularly those involving communication with petitioner. *See id*. at 2. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., 3.1 hours for "client communication and discussions"; 2.1 hours for "conference with client"; 1.5 hours for "client conference and discussion") making it difficult for the undersigned to determine whether the time spent on such communication was reasonable. Other communication entries are likewise vague (e.g., 1.9 hours for "expert communications"; 2.5 hours for "conference with expert"; 1.1 hours for "call with expert"). Fees App. Ex. 2 at 2-3. All entries must describe with greater specificity the topic of discussion in order for an assessment to be made about whether the amount of time spent was reasonable and/or necessary. Taken as a whole, the undersigned finds that the tasks billed lack the specificity necessary to determine whether the amount billed is reasonable.

Additionally, a review of the billing records reflects counsel's inexperience in the Program. Throughout the pendency of this matter, there were numerous motions to strike and refile evidence in compliance with the Rules and Guidelines of the Court, and status conferences in which petitioner's claims, the content of the medical records, the lack of diagnosis, the need to satisfy *Althen* for a finding of entitlement, and ways to exist the Program were discussed. The ultimate resolution of the case for minimal damages notwithstanding, the time spent as a whole was slightly excessive and reflects counsel's learning the Program, which is not compensable. *See Wyatt v. Sec'y of Health & Human Servs.*, No. 14-706V, 2023 WL 8187304, at *21 (Fed. Cl. Spec. Mstr. Oct. 30, 2023); *Matthews*, No. 14-1111V, 2016 WL 2853910, at *2; *Davis v. Sec'y of Health & Human Servs.*, No. 07-451V, 105 Fed. Cl. 627 (2012). Further, the billing records are insufficiently documented to determine the necessity for the time spent on conversations with both the client and an expert with no report filed.

For these reasons, the undersigned finds that a reduction is necessary to achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. 826, 838. Accordingly, the undersigned finds a reduction of five percent in attorneys' fees is warranted in this case. This results in an additional reduction of **$1,957.18**. Petitioner is therefore awarded final attorneys' fees of $37,186.33.

## C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,008.45 in costs. Fees App. Ex. B at 1. This amount consists of acquiring medical records, the Court's filing fee, postage, and half of the retainer for petitioner's expert, Dr. Marcel Kinsbourne ($1,000.00). *Id*. These costs are typical in Vaccine Program cases and were reasonably incurred in this matter. Petitioner is therefore awarded attorneys' costs in the amount of $3,008.45.

Finally, petitioner requests $1,000.00 in costs she personally incurred for the other half of the retainer for Dr. Kinsbourne. Petitioner's personal costs are sufficiently documented and are reasonable and shall be fully reimbursed.

## III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following:

1. **A lump sum of $40,194.78, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

2. **A lump sum of $1,000.00 for petitioner's personal costs to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).